

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable K. W. Eastering
County Attorney
Beaumont, Texas

Dear Sir,

Opinion No. O-1328
Re: Interpretation of Article
7047e, Revised Civil Sta-
tutes, as amended by
Senate Bill No. 24, 46th
Legislature.

     We received your letter of August 21, 1939, wherein you submit to us the following facts:

     A deed has been presented to the County Clerk of Jefferson County for recording, in which deed the vendee as a part of the purchase price executed a vendor's lien note for the principal sum of $275.00, and assumed and agreed to pay a pre-existing indebtedness of $2,596.00. The deed contained a vendor's lien clause general in its nature. Your supplement the above information with your letter of September 8, 1939, wherein you advise that the prior deed reserving the vendor's lien note to secure the indebtedness of $2,596.00 was not stamped in accordance with Article 7047e, Revised Civil Statutes. You request our opinion as to whether or not the pre-existing indebtedness of $2,596.00 should be considered in arriving at the amount of stamps which must be placed upon this deed before the same is entitled to record. You further request our opinion as to whether the County Clerk has the right to refuse to accept the instrument for record if it does not have the required State note stamps attached to it.

     Article 7047e, Revised Civil Statutes, as amended by Senate Bill No. 24, 46th Legislature, reads in part as follows:

     "Except as herein otherwise provided there is hereby levied and assessed a tax of Ten (10¢) Cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel

mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or less. After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligations that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligations; and, providing further that, except as to renewals of extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further that when once stamped as provided herein, an instrument may be recorded in any number of counties in this State without again being so stamped. . ."

When a purchaser of real estate as part of the purchase price presumes a debt or other obligation of the vendor, equity implies a lien to secure the performance of the assumption. 43 Tex. Jur. 460; Gonzales vs. Zachry, 84 S. W. (2d) 855; Sanger Bros. vs. Russell, 289, S. W. 133; Burton Lingo Co. vs. Standard, 217 S. W. 446.

Hon. E. W. Easterling, Page 3

Furthermore, such a transaction creates an equitable vendor's lien in favor of the vendor on the premises conveyed as well as a personal obligation against the vendee. Hable vs. Owens, 287 S. W. 155; Dale vs. Stevens, 75 S. W. (2d) 129.

Thus, it is seen that even without the aid of the vendor's lien clause in the deed a lien was therein created to secure the payment of the pre-existing indebtedness of $2,596.00. Since said Senate Bill No. 24 contains no exception to the contrary, such pre-existing indebtedness should therefore be considered in arriving at the amount of tax to be paid before the deed in question is recorded. The Clerk should not accept such instrument for recording unless it bears stamps in the sum of $2.70.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Glenn R. Lewis
Assistant

CRL:GO

APPROVED SEP. 14, 1939

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee

by EWC, chairman